```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

             CASE NO. 08-61729-CIV-DIMITROULEAS/SNOW
```

RACHEL MENDELSON, as Personal
Representative of the Estate of
JOSHUA MENDELSON, deceased, et al.,

      Plaintiff,

vs.

CITY OF FORT LAUDERDALE, and
JONATHAN WELKER

      Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Defendants City of Fort Lauderdale and Jonathan Welker's Verified Motion to Tax Costs (DE 85), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation. The plaintiff filed no response in opposition to the motion, which is ripe for consideration.

### I. BACKGROUND

On January 26, 2010, this Court granted final summary judgment in favor of the defendants. The defendants now ask the Court to tax costs against the plaintiff, pursuant to 28 U.S.C. § 1920. Attached to the motion is an Affidavit of Costs seeking reimbursement for the following items:

    a) Photocopies (in-house) at $.10 per copy in the amount of $1,469.25;

    b) Deposition transcript fees in the amount of $2,890.90 and

    c) External copies in the amount of $24.38.

  The external copies are identified as aerial survey maps, but in-house copies are not identified in any manner and there is no description of why the copies were needed. (DE 85, Ex. B) Similarly, there is not identification of the deposition transcripts or the reason they were obtained.

  On June 29, 2010, the undersigned ordered the defendants to supplement the instant motion with information pertaining to whether the photocopies and deposition transcripts were necessarily obtained for use in the case. (DE 100) On July 7, 2010, the defendants filed a document entitled Supplemental Motion in Accordance with the Court's Order [DE 100] on Defendants' Motion to Tax Costs [DE 85]. (DE 101) Attached to that pleading is a Supplemental Affidavit of Costs, which documents 12,308 in house copies, at a total cost of $1,230.39; $24.38 for external copying of an aerial map, and $2,890.90 for the productions of deposition transcripts. In their Supplemental Motion, the defendants have provided sufficient information to demonstrate that the copies and transcripts were necessarily obtained for use in the case.

## II. RECOMMENDATIONS OF LAW

  Pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, the

Court may award costs to the prevailing party in a lawsuit.  Rule 54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome.  Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

>Taxable costs are identified in 28 U.S.C. § 1920 as:
>
>(1) Fees of the clerk and marshal;
>
>(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
>(3) Fees and disbursements for printing and witnesses;
>
>(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
>(5) Docket fees under section 1923 of this title;
>
>(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In Scelta v. Delicatessen Support Services, Inc., 203 F. Supp.2d 1328, 1340(M.D.Fla. 2002), the Court noted that under 28 U.S.C. § 1920(4) photocopying is compensable if it was necessarily obtained for use in the case.  "In making this determination, 'the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers in issue.'"  Id. at 1340, quoting W&O, Inc., 213 F.3d at 623.  The court further noted that the burden of establishing entitlement to

copying costs lies with the prevailing party, citing <u>Desisto College, Inc. V. Town of Howey-in-the Hills</u>, 718 F.Supp. 906, 914 (M.D.Fla. 1989)(holding that the prevailing party must itemize photocopying costs to distinguish compensable copies from those made for the convenience of counsel).  The <u>Scelta</u> court held that billing records which merely list "copies" or "photocopies" without any description of the nature or purpose of the photocopying was insufficient.

Based on the information provided in the Supplemental Motion and attached affidavit, the defendants have established that the enumerated costs are taxable to the plaintiff.

### III. <u>CONCLUSION</u>

For the foregoing reasons, and being duly advised, it is hereby

RECOMMENDED that the Defendants City of Fort Lauderdale and Jonathan Welker's Verified Motion to Tax Costs (DE 85) and Supplemental Motion in Accordance with the Court's Order [DE 100] on Defendants' Motion to Tax Costs [DE 85],(DE 101) be GRANTED, and that costs in the total amount of $4,145.67 be taxed.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from

attacking on appeal factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 9th day of July, 2010.

/s/ Lurana S. Snow
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record